UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REO L. COVINGTON,

                        Plaintiff,

v.                                                   Case No. 24-cv-876-pp

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

                        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO WAIVE PAYMENT OF INITIAL PARTIAL FILING FEE (DKT. NO. 13)**

On September 19, 2024, the court granted plaintiff Reo L. Covington's motion for an extension of time to pay the $1 initial partial filing fee, and ordered him to pay the fee by the end of the day on November 5, 2024. Dkt. No. 12. The court stated that it would "not reopen this case until the court *receives* the $1.00 payment." Id. at 2. The court advised the plaintiff, "If the court does not receive that payment by the deadline, the court will not reopen this case and will not provide the plaintiff additional time to pay the fee." Id.

The November 5, 2024 deadline has passed, and the court has not received the $1 fee. Instead, on October 23, 2024, the court received the plaintiff's motion to waive payment of that fee. Dkt. No. 13. The plaintiff says that he "has been unsuccessful finding any assistance with making the payment." Id. at ¶5. He says he does not receive "any funds other than what is allotted him from the prison," "has not been able to access those funds since August 3, 2023" and has not purchased any "hygiene items, stamps, writing

materials nor food since he was admitted to prison." Id. at ¶10. The plaintiff says he "has no means [and] no assets" and asks the court to "waive the assessed initial partial payment until a later date, but allow screening of his civil complaint." Id. at p. 3.

The court must assess an initial partial filing fee each time an incarcerated person files a case. 28 U.S.C. §1915(b)(1); see also Bruce v. Samuels, 577 U.S. 82, 89–90 (2016). But the court may waive an incarcerated plaintiff's requirement to pay an initial partial filing fee if he lacks both the "assets" and the "means" to pay it. See 28 U.S.C. §1915(b)(4). The Seventh Circuit has explained that "[i]t is not enough that the prisoner lack assets on the date he files." Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled in part on other grounds by Walker v. O'Brien, 216 F.3d 626, 628–29 (7th Cir. 2000), and Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). If that were the case, an incarcerated litigant could avoid paying the initial partial filing fee by spending what is in his trust account before filing his lawsuit. The court construes an incarcerated person's "means" broadly; an incarcerated person may lack "assets" but still have "means" to pay the fee. See id. ("A prisoner with periodic income has 'means' even when he lacks 'assets.'").

The plaintiff says that he has no means or assets to pay the $1 fee. He says that he receives money from his institution, but he says he has not had access to it since August 2023. He says he has not been able to purchase

hygiene items, stamps or food since that time.[1] The plaintiff previously submitted his institutional trust account statement for February 12 through August 12, 2024. That statement shows that the plaintiff received eight deposits during that time totaling $29.90. His end balance as of August 12, 2024 was $11.87. The court initially ordered the plaintiff to pay the $1 initial partial filing fee only *four days* later, on August 16, 2024. Dkt. No. 8. The plaintiff does not explain why he did not pay and could not have paid the $1 fee at that time, when he had a positive balance of nearly $12 in his account.

The plaintiff's trust account statement also shows that each time he received a deposit, a portion was taken to pay the plaintiff's outstanding filing fees in five previous federal court cases or appeals. These automatic withdrawals were the standard twenty percent required under 28 U.S.C. §1915(b). Because the plaintiff has five previous cases or appeals, those five withdrawals amounted to 100 percent of each deposit. The Supreme Court has held that §1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." Bruce, 577 U.S. at 90. Those payments *may not* be made sequentially or consecutively. Id. at 87. This explains the plaintiff's position that he has been unable to access the money in his account that he receives from the prison.[2]

---

[1] The envelopes of each of the plaintiff's filings in this case include a stamp or other paid postage. Dkt. Nos. 1-2, 4-1, 5-1, 11-1, 13-1. The plaintiff sent those documents in their stamped envelopes between July and October 2024—well after August 2023.

[2] The Supreme Court noted the petitioner's concern that an incarcerated person with five automatic withdrawals would be left with nothing "in the

3

Case 2:24-cv-00876-PP    Filed 11/27/24    Page 3 of 5    Document 14

The plaintiff is responsible for paying the fees associated with his past and pending lawsuits in accordance with §1915(b)(2). It is a fact of litigation that when a plaintiff files more than one lawsuit, the requirement that he pay fees for each of those lawsuits may interfere with his ability to use his income for other purchases or to file additional lawsuits. The plaintiff's trust account statement shows that the reason he does not have funds to pay the initial partial filing fee in *this* case is because he is paying filing fees from his past cases. Until those fees are paid in full, the prison will continue to deduct from his institutional account every time he receives a deposit, likely leaving him with little to no money to purchase stamps, paper and commissary items or to fund future lawsuits.

As explained above, the court may not dismiss a lawsuit filed by an incarcerated person who lacks the ability to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). But the court "is not required to waive payment of an initial partial filing fee for an incarcerated person who 'does not have the ability to pay the initial partial filing fee . . . because of his past litigation choices.'" Durley v. Pitzlin, Case No. 22-cv-1127-pp, 2022 WL 17047434, at *2 (E.D. Wis. Nov. 17, 2022) (quoting Goodvine v. Adams, Case No. 21-cv-826-pp, 2022 WL 204626, at *2 (E.D. Wis. Jan. 24, 2022)). The court will not waive the plaintiff's requirement to pay an initial partial filing fee in this case because the only reason he cannot afford to pay that fee is that his trust account funds have

---

account to pay the sixth fee." Bruce, 577 U.S. at 88. But the Court accepted the Government's position "that this scenario arises infrequently" and determined "that the per-case approach is unproblematic." Id. at 89–90.

been depleted to pay the fees that he owes in his past cases and appeals. See id.

The court will deny the plaintiff's motion to waive payment of the $1 initial partial filing fee. The court will enforce its previous order, will not give the plaintiff additional time to pay the fee and will not reopen this case or screen his complaint. This case remains closed. The plaintiff remains obligated to pay the full $350 filing fee for this case in addition to his outstanding filing fees from his past cases and appeals. See Dkt. No. 9 at 2.

The court **DENIES** the plaintiff's motion to waive payment of the initial partial filing fee. Dkt. No. 13. This case remains closed.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**